United States Courts
Southern District of Texas
FILED

JUN 02 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KELLI DIANN AUSTIN, | § | CASE NO. __________ |
| | § | |
| Debtor. | § | CHAPTER 13 |

**EMERGENCY MOTION TO CONTINUE, CONFIRM, AND ENFORCE THE AUTOMATIC STAY, TO STAY STATE COURT ENFORCEMENT ACTIONS, AND FOR EXPEDITED HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Debtor, Kelli Diann Austin ("Debtor"), appearing pro se, and files this Emergency Motion to Continue, Confirm, and Enforce the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B), to Stay State Court Enforcement Actions, and for Expedited Hearing, and respectfully shows the Court as follows:

I. INTRODUCTION

1. Debtor filed the above-captioned Chapter 13 bankruptcy case in good faith for the purpose of preserving estate assets, protecting Debtor's homestead, and permitting orderly administration of creditor claims through this Court.

2. A state court judicial sale involving Debtor's residence located at 3321 Bridgette Lane, Mont Belvieu, Texas 77523, has been scheduled imminently in Chambers County, Texas.

3. In addition, the state court has entered an order authorizing contempt confinement and enforcement actions against Debtor without proper notice.

4. Debtor further notes that the state court order expressly purports to prohibit Debtor from taking actions "for the purpose of obstructing, delaying, or preventing the judicial sale" of Debtor's residence. Debtor respectfully submits that immediate clarification, continuation, and enforcement of the automatic stay by this Court is necessary to preserve Debtor's rights and the orderly administration of this bankruptcy proceeding under federal law.

5. Debtor faces immediate and irreparable harm absent emergency relief from this Court, including:

a. loss of Debtor's homestead;

b. irreparable transfer of estate property;

c. potential incarceration pursuant to state court contempt proceedings; and

d. disruption of the orderly administration of this bankruptcy estate.

II. PRIOR BANKRUPTCY FILING

6. Debtor acknowledges one prior bankruptcy filing within the preceding one-year period.

7. Debtor has not had two or more bankruptcy cases pending and dismissed within the preceding one-year period as contemplated under 11 U.S.C. § 362(c)(4).

8. The prior case was dismissed prior to confirmation and prior to full administration.

9. The prior dismissal primarily arose from Debtor's inability at that time to complete and file schedules and supporting documentation due to extraordinary personal, medical, and legal circumstances, including incarceration, injury, and federal pretrial supervision restrictions.

10. Circumstances have materially changed.

11. Debtor has now filed complete schedules, statements, and supporting bankruptcy documentation contemporaneously with this filing and is prepared to proceed with this Chapter 13 case in good faith.

III. GOOD FAITH BASIS FOR RELIEF

12. This filing was not made for purposes of delay or abuse of process.

13. Debtor seeks to preserve estate assets and obtain the protections afforded under the Bankruptcy Code while addressing creditor claims through lawful bankruptcy procedures.

14. Debtor further asserts that substantial disputes exist regarding the underlying state court enforcement proceedings, including issues involving the non-litigation and default judgment, lack of notice, service, exemption rights, and due process.

15. Debtor further respectfully submits that the cumulative effect of ongoing enforcement proceedings, sanctions, incarceration, travel restrictions, and related litigation pressures materially impaired Debtor's ability to complete and prosecute the prior bankruptcy proceeding. Debtor respectfully submits that circumstances have now materially changed, and Debtor has filed complete schedules and supporting documentation in good faith to permit orderly administration of this bankruptcy estate under federal law.

16. Debtor further notes that:

a. Debtor is presently subject to federal pretrial supervision restrictions arising from pending proceedings in the Southern District of New York;

b. Debtor's travel and residence have been restricted pursuant to those federal proceedings; and

c. Debtor contends she did not receive proper notice of the contempt hearing resulting in the state court confinement order.

17. Debtor further respectfully submits that immediate enforcement of the pending contempt and confinement order risks substantial interference with Debtor's ongoing federal criminal proceedings and pretrial supervision obligations in the Southern District of New York.

18. Debtor is presently subject to federal pretrial supervision and travel restrictions. Incarceration arising from the pending state court contempt proceedings could materially impair Debtor's ability to comply with those federal conditions and could create substantial and irreparable consequences extending beyond the underlying state court matter.

19. Accordingly, Debtor respectfully requests that this Court preserve the status quo pending expedited hearing and determination of Debtor's rights under the Bankruptcy Code.

20. Debtor respectfully submits that the equities strongly favor preservation of the status quo pending further review by this Court.

IV. REQUEST TO CONTINUE, CONFIRM, AND ENFORCE AUTOMATIC STAY

21. Debtor respectfully submits that the automatic stay arose upon the filing of this bankruptcy case pursuant to 11 U.S.C. § 362(a).

22. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor requests that this Court continue, confirm, and enforce the automatic stay as to all creditors and parties in interest.

23. Debtor further requests that the stay apply immediately to:

a. any judicial sale or execution sale involving Debtor's residence;

b. any turnover or seizure actions;

c. any collection or enforcement proceedings; and

d. enforcement of the state court contempt order to the extent such actions are subject to the protections of the Bankruptcy Code.

24. Debtor respectfully requests expedited consideration due to the imminent risk of irreparable harm.

25. Debtor further requests interim relief maintaining the status quo pending expedited hearing.

V. REQUEST FOR EXPEDITED HEARING

26. An expedited hearing is necessary because the judicial sale is currently scheduled for June 2, 2026.

27. Without emergency relief, estate property may be irreversibly transferred before this Court has the opportunity to consider Debtor's rights under the Bankruptcy Code.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court:

a. set this matter for emergency and expedited hearing;

b. continue, confirm, and enforce the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B);

c. stay all pending state court enforcement proceedings relating to Debtor and Debtor's residence pending further order of this Court;

d. preserve the status quo pending expedited hearing; and

e. grant such other and further relief to which Debtor may be justly entitled.

Respectfully submitted,

Kelli Diann Austin
3321 Bridgette Lane
Mont Belvieu, Texas 77523
832-292-2201
kellidaustin@gmail.com

Pro Se Debtor

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon all interested parties, including counsel involved in the Chambers County proceedings, by electronic service, email, and/or CM/ECF notification on this 2nd day of June, 2026.

Kelli Diann Austin

Exhibit A

**CAUSE NO. 23-DCV-0959**

| | | |
|---|---|---|
| **GLD SPONSOR MEMBER, LLC,** *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **344TH JUDICIAL DISTRICT** |
| | § | |
| **BN HOLDINGS TRUST AND KELLI AUSTIN,** *Defendants.* | § | **CHAMBERS COUNTY, TEXAS** |

**ORDER GRANTING**
**PLAINTIFF'S MOTION TO ENFORCE ORDER AND CONTEMPT OF COURT**

On this date came for consideration Plaintiff GLD Sponsor Member, LLC'S ("Plaintiff" or "GLD") Motion to Enforce Order and Contempt of Court (the "Motion"). The Court, having considered the Motion, any responses thereto, the pleadings on file, the official records in this cause, the evidence presented, and the argument of counsel, finds as follows:

## FINDINGS OF FACT

1. On or around June 30, 2025, this Court entered its Order Granting Plaintiff's Application for Turnover Relief (the "Turnover Order"), which, among other things, found that Defendant Kelli D. Austin ("Austin") is the owner of the property located at 3321 Bridgette Lane, Baytown, Texas 77523 (the "3321 Bridgette Property"), and that said property is not exempt from attachment, execution, or seizure.

2. The Turnover Order directed Austin to turn over the 3321 Bridgette Property for levy to the Chambers County Constable, Precinct 4, at 10616 Eagle Drive, Mont Belvieu, Texas 77580, within five (5) business days of the date of the Turnover Order, and to turn over all documents and records related to the 3321 Bridgette Property.

3. Austin appealed the Turnover Order. On October 7, 2025, the Fourteenth Court of Appeals dismissed the appeal for want of prosecution, leaving the Turnover Order final and enforceable.

4. On April 1, 2025, Plaintiff attempted to sell the 3321 Bridgette Property through a writ of execution. Austin filed a Chapter 13 bankruptcy proceeding on the day of the sale to prevent the judicial sale. That bankruptcy was dismissed on May 29, 2025, due to Austin's failure to provide the Court with any of the required bankruptcy schedules.

5. On December 2, 2025, Plaintiff again attempted to sell the 3321 Bridgette Property through an additional writ of execution. Austin again filed a Chapter 13 bankruptcy proceeding to prevent the judicial sale. That second bankruptcy was dismissed on March 5, 2026, again due to Austin's failure to provide the Court with any of the required bankruptcy schedules.

6. This Court has previously issued at least three orders sanctioning Austin for inappropriate conduct and her failure to participate in this lawsuit, including monetary sanctions and an

order of confinement in the Chambers County Jail for a period of thirty (30) days entered on February 18, 2025.

7. To date, Austin has not complied with the Turnover Order. Austin has not turned over the 3321 Bridgette Property for levy to the Chambers County Constable, nor has she turned over all documents and records related to the 3321 Bridgette Property as required by the Turnover Order.

8. Austin has not paid any of the sanctions previously ordered by this Court, including the sanctions ordered on June 3, 2024, and October 28, 2024.

9. Austin's conduct constitutes a willful and contumacious refusal to comply with the lawful orders of this Court.

## CONCLUSIONS OF LAW

10. This Court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction. Tex. Gov't Code Ann. § 21.001(a).

11. This Court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and shall control the proceedings so that justice is done. Tex. Gov't Code Ann. § 21.001(b).

12. Under Texas Rule of Civil Procedure 308, this Court has authority to interpret and enforce its judgments.

13. Under Texas Government Code § 21.002, this Court may punish for contempt, including by confinement in the county jail for not more than six (6) months, a fine of not more than $500.00, or both. Tex. Gov't Code Ann. § 21.002(b).

14. Austin's willful failure to comply with the Turnover Order constitutes contempt of this Court. Contempt is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority.

15. The sanctions imposed herein bear a direct relationship to the offensive conduct, measured by a direct nexus among the conduct, the offender, and the sanctions imposed, and are no more severe than necessary to promote full compliance with this Court's orders.

16. Austin has been afforded notice and an opportunity to be heard consistent with due process requirements applicable to constructive contempt proceedings.

## ORDER

Based upon the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED as follows:

1. **Enforcement of the Turnover Order.** The Court's Turnover Order dated June 30, 2025, is hereby ENFORCED in all respects. Austin is ORDERED to immediately turn over the 3321 Bridgette Property, located at 3321 Bridgette Lane, Baytown, Texas 77523, for levy to the Chambers County Constable, Precinct 4, at 10616 Eagle Drive, Mont Belvieu, Texas

77580. Austin is further ORDERED to immediately turn over all documents and records related to the 3321 Bridgette Property to the Chambers County Constable.

2. **Contempt Finding.** The Court finds Austin to be in contempt of this Court for her willful failure to comply with the Turnover Order entered on or around June 30, 2025.

3. **Confinement.** Austin is ORDERED to be confined in the Chambers County Jail for a period of 10 days/~~months~~, as authorized by Texas Government Code § 21.002(b). A warrant shall issue for her arrest and commitment to the Chambers County Jail.

4. **Purge Condition.** As a condition of confinement, Austin may secure her release upon full compliance with the Turnover Order by (a) turning over the 3321 Bridgette Property for levy to the Chambers County Constable and (b) turning over all documents and records related to the 3321 Bridgette Property,

5. **Cooperation with Judicial Sale.** Austin is ORDERED to cooperate fully with the Chambers County Constable and Plaintiff in facilitating the judicial sale of the 3321 Bridgette Property, including but not limited to executing any and all documents necessary to effectuate the transfer and sale of the property.

6. **Prohibition on Further Obstruction.** Austin is ORDERED to refrain from taking any action.

, for the purpose of obstructing, delaying, or preventing the judicial sale of the 3321 Bridgette Property.

7. **Reservation of Rights.** Plaintiff reserves the right to seek further relief until the judgment on which this lawsuit is premised has been paid in full by Austin.

8. **All Other Relief.** All other relief requested and not expressly granted herein is DENIED.

SO ORDERED.

SIGNED on this the 26th day of May, 2026.

HONORABLE JUDGE PRESIDING

FILED
THIS THE 26 DAY OF May
A.D. 2026 AT 2:21 O'CLOCK P M
PATTI L. HENRY
DISTRICT CLERK, CHAMBERS COUNTY, TEXAS
BY ______ DEPUTY



86899800;1